IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Robert Martin, | : | |
| Plaintiff | : | Civil Action 2:99-cv-703 |
| v. | : | Judge Smith |
| L. C. Coval, | : | Magistrate Judge Abel |
| Defendant | : | |

# ORDER

This matter is before the Court on plaintiff Robert Martin's May 9, 2007 motion to vacate illegally seized personal property used to pay filing fees and costs (doc. 38). Plaintiff argues that his property has been taken without due process of law. Plaintiff maintains that imposing filing fees upon him while he is indigent is an illegal seizure of personal property without due process of law and an unlawful taking. Plaintiff seeks restitution plus ten percent interest.

Plaintiff Robert Martin's May 9, 2007 motion to vacate illegally seized personal property used to pay filing fees and costs (doc. 38) is DENIED. Section 1915(a)(2) requires that "a prisoner seeking to bring a civil action or appeal a judgment in a civil action without prepayment of fees" must:  (1) file an affidavit stating the prisoner's assets and that the prisoner is unable to pay such fees or give security therefor, and (2) submit a certified copy of the prisoner's trust fund account statement for the six-month period preceding the filing of the complaint or notice of appeal.  28 U.S.C.A. § 1915(a)(2).  Section 1915(b)(1) provides the following:

> Notwithstanding subsection (a), if a prisoner brings a civil action or files an
> appeal in forma pauperis, the prisoner shall be required to pay the full amount of
> the filing fee.  The court shall assess and, when funds exist, collect, as partial

> payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
> (A) the average monthly deposits to the prisoner's account;  or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C.A. § 1915(b)(1). Although all prisoners are required to pay an initial partial filing fee, payment of this fee is made only when funds exist.  After payment of the initial partial filing fee, the prisoner must make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account, but payments will only be taken in months when the prisoner's trust fund account exceeds ten dollars.  28 U.S.C.A. § 1915(b)(3).

The Sixth Circuit has held that Prison Litigation Reform Act's fee provisions do not violate a prisoner's due process rights:

> Although courts have recognized a prisoner's interest in his funds, they have also recognized that inmates are not granted full control over their money while in prison, and debit procedures similar to those in question have been applied in the prisoner context.  *See Mahers v. Halford,* 76 F.3d 951, 954 (8th Cir.1996), *cert. denied,* 519 U.S. 1061, 117 S.Ct. 696, 136 L.Ed.2d 618 (1997).  Moreover, prisoners are not absolutely deprived of the use of their funds when those funds are applied toward the filing-fee requirements.  The funds are being utilized for the prisoner's benefit just as a non-indigent's money is used by him to proceed in federal court.  Furthermore, the Act charges a prisoner no more than anyone else who is adjudged able to pay--and under much more generous payment terms.  Thus, the prisoner's private interests do not weigh in favor of requiring additional procedures.
> There is also little risk of an erroneous deprivation, and requiring additional procedures is not necessary.  The prisoner is required to file an affidavit and a certified copy of his trust fund account statement. The court will order the fee assessment and the prison officials will forward the initial filing fee to the district court, when funds exist.  After the initial filing fee is paid, the 20 percent payment provision becomes applicable.  Such procedures are more generous than those accorded to the average litigant denied in forma pauperis status.  Thus, the protections accorded prisoners are adequate.
> The government's interest in the fee system is that of reducing frivolous prisoner suits to relieve the strain that litigation is placing on federal courts and the prison system in general.  This interest, combined with the satisfactory procedures provided and the weak private right in this case, compel the conclusion that the Act does not violate a prisoner's right to procedural due

process.

*Hampton v. Hobbs*, 106 F.3d 1281, 1287-88 (6th Cir. 1997).

   /S/ George C. Smith
George C. Smith
United States District Judge

Case: 2:99-cv-00703-GCS-MRA Doc #: 39 Filed: 06/07/07 Page: 3 of 3  PAGEID #: 36